UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARSHA CHAMBERS, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-2279-G |
| STATE OF TEXAS, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Before this court are: (1) the motion of the defendant the State of Texas ("the State") to dismiss the plaintiffs' petition for failure to state a claim on which relief can be granted; (2) the motion of the defendant Dallas County ("the County") to dismiss the petition for failure to state a claim; and (3) the motion of the defendants Officer D.R. McKee ("McKee") and Officer K.R. Griffin ("Griffin") for a FED. R. CIV. P. 7(a) reply. For the reasons stated below, the motions of the State and County are granted. The motion of McKee and Griffin is denied as moot. On its own motion,

the court orders the plaintiffs to show cause why they have not perfected service on the named defendant Judge Danny Clancy.

## I. BACKGROUND

This case arises from the arrest and prosecution of the *pro se* plaintiffs Marsha and Jerry Chambers ("the Chambers" or "the plaintiffs"). The petition alleges two separate events to support the plaintiffs' claims for relief. First, the plaintiffs allege that on some unspecified date, the City of Mesquite ("the City"), through its police department, obtained and executed an arrest warrant against Mrs. Chambers for abuse of the 911 system. *See* Petition at 3, *attached to* Notice of Removal *as* Exhibit 3. According to the plaintiffs, when the Chambers' daughter was late returning home on the evening of November 12, 2003, Mrs. Chambers called the City's police department using the 911 system. *Id.*; Response to Defendant's Motion for Rule 7 Reply ("Rule 7 Reply") at 2. After the daughter returned home, Mrs. Chambers did not call the police department to notify the police of her daughter's subsequent arrival. Petition at 3. Some time after the date of this incident, the City obtained and executed an arrest warrant against Mrs. Chambers charging her with abuse of the 911 system. *Id.*

The second incident involved the plaintiffs' attempt to collect on unpaid rent from tenants leasing certain real property from the Chambers. *Id.* On April 16, 2004, the Chambers deliberately severed the water line connecting the City's water

supply to the rental property owned by the plaintiffs. *Id.* The officers who were called to the scene, McKee and Griffin, arrested the Chambers on charges of criminal mischief. Defendants Officer D.R. McKee, Officer K.R. Griffin and the City of Mesquite's Motion for Judgment on the Pleadings and Brief in Support ("Motion for Judgment on the Pleadings") at 4-5.

Following the arrests, a prosecution of these charges was commenced against the Chambers. Although the allegations of the petition are not entirely clear, it appears that after jury selection, all charges against the Chambers were dismissed. *Id.* at 4.

The plaintiffs then filed this case on November 9, 2006 in the 192nd Judicial District Court of Dallas County, Texas, alleging violations of 42 U.S.C. §§ 1983 and 1985. The defendants removed the case to this court on December 11, 2006. The instant motions followed.

## II. ANALYSIS

Both the County and the State move to dismiss the claims against them, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. McKee and Griffin move that the court order the plaintiffs to plead their claims with specificity in light of McKee's and Griffin's assertion of qualified immunity.

Before analyzing the arguments made by the parties on these respective motions, the court must first determine what causes of action are alleged by the Chambers. The claims of *pro se* litigants are to be construed liberally. See *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). Under a liberal construction of the petition, the court understands the Chambers to be asserting two general claims: (1) various violations of 42 U.S.C. § 1983 and (2) a conspiracy in violation of 42 U.S.C. § 1985. The plaintiffs' § 1983 claims appear to be based on alleged violations of the Chambers' rights to due process stemming from what they categorize as false arrests and malicious prosecutions. The § 1985 claim alleges a conspiracy among all of the defendants to deprive the Chambers of those rights to due process.[1]

Though the Chambers expressly cite 42 U.S.C. § 1985 to allege a conspiracy for the deprivation of their constitutional rights, § 1985 is inapplicable to their claims. To prevail on a claim of conspiracy under 42 U.S.C. § 1985(3), the plaintiffs must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of that conspiracy; and (4) an injury to the person or property or a deprivation of any right or privilege of a citizen of the United

---

[1] Though the State dedicates a portion of its motion to dismiss to the possibility that the Chambers are asserting common law torts against one or more of the defendants, the court -- upon a liberal reading of the petition -- does not construe the petition in that manner. All of the plaintiffs' claims are couched in the language of § 1983 or § 1985.

States.  See *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).  In addition, the plaintiffs must allege that the conspiracy stems from "some racial or perhaps otherwise class-based invidiously discriminatory animus."  *Griffin*, 403 U.S. at 102; *Hillard*, 30 F.3d at 652-53.

Despite settled law that the conspiracy must be based on some class-based discriminatory animus, the Chambers fail to allege such animus.  In fact, the Chambers allege exactly the opposite.  According to the petition, the conspiracy against them developed as a result of personal animus towards the two of them based on prior experience between members of the Mesquite police department and the plaintiffs.  *See* Affidavit of Fact by Marsha Chambers ("The officers told me that I needed to sell all my property in Mesquite because they were tired of me and all my problems."), *attached to* Appendix *as* Exhibit 2; Petition at 3 ("Mesquite did not like the Plaintiff's daughter's boyfriend and they would have liked for the Plaintiff to sell both her homes in Mesquite . . .").

Thus, even under a liberal construction, the court can discern only one legal basis for the Chambers' causes of action -- violations of 42 U.S.C. § 1983.  The court resolves the instant motions accordingly.

### A.  Legal Standard for Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary

principles that guide the court's determination of whether dismissal under 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovants could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B Wright & Miller § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovants. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. By Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

1. *Motion to Dismiss by the State*

In its motion to dismiss, the State argues that the plaintiffs cannot sue the State under 42 U.S.C. § 1983 because neither the State nor state officials constitute a "person" within the meaning of that statute. The Chambers did not file a response to the State's motion to dismiss.

Section 1983 provides a private right of action for the deprivation of rights protected by the United States Constitution.

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 (emphasis added). In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court examined the phrase "[e]very person" to determine whether such language included the sovereign states and the officers thereof. Relying on precedent regarding Eleventh Amendment sovereign immunity, the Court held that § 1983 did not apply to "States or governmental entities that are considered 'arms of the State' . . .". *Id.* at 70. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71.

Accordingly, the Chambers' § 1983 claims against the State are unfounded. There exists no cause of action for such claims against the State; thus, the Chambers' claims against the State must be dismissed with prejudice.

### 2. *Motion to Dismiss by Dallas County*

The Chambers' theory of liability against the County rests solely on a *respondeat superior* argument -- *i.e.*, because the district attorney is an employee of the County, the County should be held liable for the district attorney's actions in prosecuting the plaintiffs. The County asserts two arguments in its motion to dismiss for failure to state a claim upon which relief can be granted. First, the County argues that because the plaintiffs' § 1983 claims stem from their interaction with the criminal justice system, which is a part of the state, the § 1983 claims fail to state a claim for relief against the County. Second, the County maintains that the plaintiffs failed to allege facts necessary to hold the County liable for the actions of its employees. The Chambers have not advanced any argument in response.

Under Texas law, when prosecuting a criminal matter to enforce state law, district attorneys act as agents of the state, not the county. See *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.) (holding that the county could not be held liable under § 1983 for the district attorney's use of peremptory challenges in an allegedly discriminatory manner because while engaged in a criminal prosecution of state laws, the district attorney is a representative of the state, not the county), *cert. denied*, 522

U.S. 828 (1997). Accordingly, counties cannot be held liable for the actions of a district attorney engaged in a criminal prosecution. *Id.* "Given that a district attorney represents the state in criminal prosecutions, the county, which has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding." *Id.*

In the instant case, because the district attorney's actions stemmed from the prosecution of alleged violations of state law, she was not acting as an agent of the County. The County cannot be held liable for the district attorney's actions in prosecuting the Chambers because she was an agent of the state while engaged in her prosecutorial role. Thus, the County's motion to dismiss must be granted on its first ground.

Furthermore, a local governmental unit, despite falling outside the protection of the Eleventh Amendment, cannot be held liable for constitutional deprivations based on a *respondeat superior* theory. See *Lopez v. Houston Independent School District*, 817 F.2d 351, 353 (5th Cir. 1987). To impose § 1983 liability on a local governmental unit, the violation of the constitutionally protected right must be inflicted pursuant to an "official policy" of that local governmental unit. *Id.* For the actions of a local governmental unit's employee to be deemed "official policy," the acts must either be promulgated by the local governmental unit's lawmaking officers

or be a "persistent widespread practice" of the local governmental unit's employees.[2] *Id.* at 353-54. The policy or custom must be "the moving force of the constitutional violation." *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987).

Thus, even if the district attorney were acting as an agent of the County while prosecuting the plaintiffs, the County cannot be held liable for the district attorney's actions unless the plaintiffs plead and prove that her actions were done as part of the County's "official policy."[3] In their petition, the Chambers fail to allege that the actions of the district attorney were part of any "official policy" of the County. Accordingly, the County's motion to dismiss the Chambers' § 1983 claims is granted on this alternative ground as well.

### B.  Motion for FED. R. CIV. P. 7(a) Reply

Officers McKee and Griffin move that the court order the plaintiffs to file a reply in accordance with FED. R. CIV. P. 7(a) following the officers' assertion of qualified immunity as a defense. Though the court has yet to rule on the motion for Rule 7 reply, the plaintiffs filed, on February 6, 2007, what purports to be a Rule 7 reply.

---

[2]  "A single incident unaccompanied by supporting history will likely be an inadequate basis for inferring such a custom unless the actor or actors involved had been given official policy-making authority." See *Lopez Hernandez v. Fincher*, No. 3:04-CV-1084-G, 2005 WL 265214, at *3 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.).

[3]  See *Crane v. State of Texas*, 759 F.2d 412, 420-21 (5th Cir.) ("Texas counties are not mere arms or agents of the state; they are independent units of local government . . ."), *cert. denied*, 474 U.S. 1020 (1985).

When law enforcement officers plead the affirmative defense of qualified immunity, as McKee and Griffin have done in this case, the court may require the plaintiffs to reply in detail to that defense.  See *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.1995) (en banc).  Furthermore, where the plaintiffs' reply fails to provide the required detail, the court should dismiss the complaint.  See *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); see also *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").  The plaintiffs' reply must plead with particularity facts "specifically focusing on the conduct of [the individual] which caused [the plaintiffs'] injury."  See *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995 (5th Cir.), *cert. denied*, 515 U.S. 1131 (1995).  "Mere conclusory allegations and bold assertions" are insufficient to satisfy the plaintiffs' burden.  *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990).

The court will not discuss the sufficiency of the plaintiffs' Rule 7 reply filed on February 6, 2007, because in their motion for judgment on the pleadings, McKee, Griffin, and the City treat the plaintiffs' reply as sufficient.  Accordingly, the motion for Rule 7 reply is denied as moot.

### C.  Show Cause Order

In their petition, the Chambers assert a cause of action under 42 U.S.C. § 1983 against Dallas County Criminal Court Judge Danny Clancy ("Clancy") for his role as presiding judge in the criminal cases prosecuted against the Chambers. The petition was originally filed on November 9, 2006 and removed to this court on December 11, 2006. To date, however, the plaintiffs have not perfected service on Clancy.

Under FED. R. CIV. P. 4(m), a plaintiff has 120 days from the date of filing the complaint within which to serve the defendants. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . .". *Id.* If a case has been removed to federal court, the 120-day time period begins to run on the date of removal. See *Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999).

Because more than 120 days have passed since the date of removal, the plaintiffs shall, within twenty (20) days from the date of this memorandum opinion and order, show cause in writing why the claims against Clancy should be retained on the docket. Failure to do so will result in a dismissal without prejudice of all claims against Clancy without further notice.

III.  CONCLUSION

For the reasons stated above, the State's motion to dismiss and the County's motion to dismiss are **GRANTED**.  All claims against these two defendants are **DISMISSED** with prejudice.

In addition, all conspiracy claims against any defendant under 42 U.S.C. § 1985 are **DISMISSED** with prejudice.

McKee and Griffin's motion for Rule 7 reply is **DENIED** as moot.

Within **twenty (20) days** of the date of this memorandum opinion and order, the plaintiffs shall file a written notice with the court showing any cause they may have for failure to serve Clancy within 120 days from the date of removal.  Failure to do so will result in dismissal, without prejudice and without further notice, of their causes of action against Clancy.

**SO ORDERED**.

May 11, 2007.

_____
A. JOE FISH
CHIEF JUDGE